**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

       **v.**                                    **DOCKET  NO.  05-M-17**

**DION ROSS,**

       **Defendant.**

---

## ORDER OF REVOCATION OF BAIL

The government seeks to have the defendant's bond revoked in this case. In accordance with the Bail Reform Act, 18 U.S.C. Section 3142(f), a bond revocation hearing was held on April 27, 2005.  For the reasons set forth below and in accordance with 18 U.S.C. Sections 3142(e) and (g), the defendant's bond is hereby revoked.

## CHARGES AGAINST DEFENDANT

In summary, the defendant is charged by way of criminal complaint with knowingly, intentionally and unlawfully possessing with intent to distribute 5 grams or more of a mixture and substance containing cocaine base in violation of Title 21 U.S.C. § 841(a)(1).

## DISCUSSION

Pursuant to 18 U.S.C. Section 3142(g), the factors to be considered in the determination of a detention request are:

(1) the nature and circumstances of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, state or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## **FINDINGS AND CONCLUSIONS**

I am troubled by the factual circumstances of this matter and fully understand the legal technicalities that have been raised on behalf of the defendant concerning the quantities and weights of the alleged substances involved in support of the government's motion to revoke bail and the impact of that on the question of whether there would be a felony or misdemeanor charged under New York State Law. For purposes of bail and whether there has been a violation of the terms and conditions of bail, those technical issues are irrelevant since one of the terms and conditions of bail imposed on the defendant was that he was not to have in his possession nor was he to use any illegal drug or substance. In addition, I am faced with the issue of the defendant's failure to report to the Probation Office as scheduled. I had expressly advised the defendant that he was subject to the supervision of the U.S. Probation Office which meant that he had to obey and follow through with each and every reasonable directive of the U.S. Probation Office, and that such failure to comply would constitute a violation of his bail. The defendant also faces State charges, and it has been represented to this Court that those charges will soon be presented to an Erie County grand jury. Accordingly, the defendant's bail is hereby revoked until such time as the Erie County Grand Jury has had an opportunity to act. This revocation is without prejudice to the right of the defendant to file a motion for reconsideration with this Court, at a date subsequent to any Grand Jury action in Erie County that may be taken against him. Therefore, the defendant is hereby remanded to the custody of the U.S. Marshals Service. It is further

ORDERED that the following DIRECTIONS REGARDING DETENTION be implemented:

1. The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentence or being held in custody pending appeal, pending trial of the charges herein against him;

2. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel;

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshals for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

S/ H. Kenneth Schroeder, Jr.<br>
**H. KENNETH SCHROEDER, Jr.**<br>
**United States Magistrate Judge**

**DATED:** May 11, 2005<br>
Buffalo, New York